IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TOMMY LEE COLEMAN,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>STATE FARM INSURANCE COMPANY,<br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No.  1:12-cv 136 DN<br><br>District Judge David Nuffer |

Defendant State Farm Insurance Company ("State Farm") filed a motion to dismiss for failure to prosecute and failure to participate in discovery.[1] The following is a summary of relevant events:

> July 2012 – counsel for Plaintiff Tommy Lee Coleman ("Coleman") was allowed to withdraw.[2]
>
> August 2, 2012 – Coleman filed a pro se appearance.[3]
>
> October 16, 2012 – counsel for State Farm sent Coleman a letter containing a Notice of Deposition to take place on December 17, 2012 at counsel's offices.[4]
>
> December 17, 2012 – Coleman failed to appear for his deposition.[5]
>
> December 31, 2012 – State Farm counsel sent Coleman a letter explaining that State Farm would seek reimbursement for its expenses incurred due to his non-appearance.[6]
>
> January 3, 2013 – State Farm counsel spoke with Coleman and rescheduled the deposition for March 25, 2013.[7] Counsel also informed Coleman that he would need to reimburse State Farm in the amount of $400.00 for failing to appear at his previous deposition, which Coleman agreed to pay.  The substance of this

---

[1] Defendant's Motion to Dismiss for Failure to Prosecute and Appear for Discovery and Memorandum in Support (Motion to Dismiss), docket no. 21, filed April 8, 2013.

[2] Order Granting Motion to Withdraw as Counsel, docket no. 9, filed July 18, 2012.

[3] Appearance Pro Se, docket no. 15, filed August 2, 2012.

[4] Motion to Dismiss at 2; Letter of October 16, 2012 with Notice of Deposition, docket no. 21-1, filed April 8, 2013.

[5] Motion to Dismiss at 2; Transcript of Nonappearance of Witness:  Tommy Lee Coleman, docket no. 21-1.

[6] Motion to Dismiss at 2; Letter of December 31, 2012, docket no. 21-2, filed April 8, 2013.

[7] Motion to Dismiss at 3; Letter of January 4, 2013, docket no. 21-3, filed April 8, 2013.

discussion was confirmed in a letter from State Farm to Coleman. Counsel also sent a new Notice of Deposition.[8]

March 25, 2013 – Coleman again failed to appear for his deposition.[9]

April 8, 2013 – This motion to dismiss was filed.

## DISCUSSION

Rule 41(b) allows dismissal of an action if "the plaintiff fails to prosecute or to comply with . . . a court order."[10] An involuntary dismissal under Rule 41(b) "should be used as a 'weapon of last, rather than first, resort.'"[11] Additionally, "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."[12] In *Ehrenhaus v. Reynolds*,[13] the Tenth Circuit described various criteria that a trial court "should ordinarily"[14] consider when determining whether to dismiss an action pursuant to sanctions under Rule 37. These criteria include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[15]

In the present case, State Farm persuasively explains why dismissal of the current action with prejudice is warranted pursuant to the *Ehrenhaus* factors. First, State Farm has incurred prejudice as a result of Coleman's failure to participate in the discovery process, as well as

---

[8] Motion to Dismiss at 3; Letter of January 4, 2013, docket no. 21-3, filed April 8, 2013.

[9] Motion to Dismiss at 3.

[10] Fed. R. Civ. P. 41(b).

[11] *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)(quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988)).

[12] *Mobley*, 40 F.3d at 341.

[13] 965 F.2d 916 (10th Cir. 1992).

[14] *Mobley*, 40 F.3d at 340 (quoting *Ehrenhaus*, 965 F.2d at 921).

[15] *Mobley*, 40 F.3d at 340 (quoting *Ehrenhaus*, 965 F.2d at 921).

Coleman's failure to advance the case.[16] Specifically, Coleman has not filed any papers in the present action since serving State Farm with his pro se appearance after Coleman's original attorneys withdrew in August of 2012.[17] Coleman also failed to file initial disclosures and failed to appear at both of his scheduled depositions.[18] Coleman's failure to meaningfully participate in the present action has prejudiced State Farm's ability to establish a defense.[19]

Second, Coleman has interfered with the judicial process by failing to advance the present action.[20] The scope and purpose of the Federal Rules of Civil Procedure, including Rule 41(b), should be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding."[21] Coleman's inaction has interfered with the judicial process, such that it has caused unreasonable delay in the present case leading to unnecessary stagnation.

Third, Coleman is culpable for his failure to prosecute the case and failure to participate in discovery.[22] Coleman was given notice of his first deposition, and he along with State Farm chose the date for his second deposition, yet Coleman failed to appear at both scheduled depositions.[23] Coleman's lack of participation in the case can only be attributed to him.

Fourth, Coleman was provided notice on April 25, 2013 that if he did not respond to State Farm's motion to dismiss, the motion may be granted without further notice, resulting in dismissal.[24] This warning satisfies the fourth factor under *Ehrenhaus*.

---

[16] Motion to Dismiss at 4.

[17] *Id*.

[18] *Id*.

[19] *Id*. at 5.

[20] *Id*.

[21] Fed. R. Civ. P. 1.

[22] Motion to Dismiss at 5.

[23] *Id*.

[24] Docket nos. 23 and 24, filed April 25, 2013.

Fifth, dismissal is the suitable action in the present case because Coleman has shown disregard for the judicial process by failing to prosecute and participate in discovery.[25] Lesser sanctions are inappropriate because Coleman has ignored his duties as a litigant under the Federal Rules of Civil Procedure.[26] Coleman has not demonstrated an intention to meaningfully move the present case forward as a result of his inaction and failure to file any pleading since his amended complaint on June 14, 2012. Thus, Coleman's actions, or lack thereof, have satisfied the five *Ehrenhaus* factors.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss[27] is GRANTED. Plaintiff's claims against Defendant are DISMISSED WITH PREJUDICE.

Dated June 29, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[25] Motion to Dismiss at 5-6.

[26] *Id*. at 6.

[27] Docket no. 21, filed April 8, 2013.